OPINION OF THE COURT
Ormand N. Gale, J.
The above-named defendant moved for a bill of particulars and suppression of certain evidence in connection with the indictment herein by which he is charged with driving while intoxicated (as a felony, two counts) and failing to keep right. At the oral argument of the motion, the court ruled that the bill of particulars as supplied by the People was sufficient and reserved decision on the suppresssion question.
The facts as set out by the defendant are as follows: On November 3, 1977, the defendant was stopped while driving in *431 a southerly direction on Route 11 in the Village of North Syracuse by Officer Joseph A. Shue who requested that he be shown the defendant’s license and registration. The defendant gave the requested documents to Officer Shue, withholding the record of conviction portion of his license. Officer Shue then returned to his prowl car and was observed talking into a microphone and apparently in communication with someone else. Officer Shue then issued the defendant an appearance ticket charging him with driving while intoxicated. There was a notation on the ticket that the charge was a felony. The inference that the defendant draws is that the officer received information over the radio to indicate that the defendant had a prior conviction for driving while intoxicated. For the purpose of this suppression motion, the court will assume that the officer did in fact receive such information.
The People submit that the defendant was stopped for a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law in that he failed to keep right and that the subsequent arrest for driving while intoxicated was based on the officer’s observations of the defendant’s condition after the initial stop.
The question presented to the court is whether actual knowledge on the part of an arresting officer of a suspect’s prior driving record, obtained from a source other than the motorist’s own record of conviction stub, violates either section 504 of the Vehicle and Traffic Law or Federal or State constitutional guarantees.
The defendant answers this question in the affirmative. He reasons that since it was the legislative intent of section 504 of the Vehicle and Traffic Law that a suspect’s record not be available to the arresting officer because of the possibility of prejudice and since the process of obtaining the record of conviction by means other than an actual review of the conviction stub accomplishes exactly the same result that section 504 was designed to prohibit, such action violates the section. The defendant argues also that he has been subjected to an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution and that his rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as section 6 of article I of the New York State Constitution have been violated.
Section 504 of the Vehicle and Traffic Law provides that: "[t]he commissioner may provide adequate space on a detacha *432 ble or separate part of such license, to be known as the 'record of convictions stub,’ for the recording thereon of convictions * * * and such record of convictions stub shall be detachable by the licensee and and shall not be subject to inspection by any motor vehicle inspector, peace officer, state policeman or any other person, but shall be exhibited on demand only to a magistrate after conviction of the licensee or, at a hearing, to any person designated by the commissioner to conduct such a hearing.”
This section deals specifically and only with the record of conviction stub which is a separable part of the motorist’s license and prohibits inspection of such stub prior to conviction. It does not, on its face, speak to what effect the acquisition of the same knowledge elsewhere might have. The court cannot interpret the statute in such a way that actual knowledge of a prior conviction would violate it and require suppression. To view the statute in that broad a sense would mean, for example, that an officer who had himself previously arrested a motorist could not do so again without being in violation of section 504 because he possessed actual knowledge of the motorist’s previous record. This result could not possibly have been within the contemplation of the Legislature when it passed the statute. Additionally, specifically in the case of a charge of driving while intoxicated, to prohibit knowledge of a previous driving while intoxicated conviction at any time prior to a conviction on the pending charge would frustrate the legislative attempt to deal with the serious problem of drinking drivers by making the second offense a felony. The court notes, also, that were it to give credence to this argument, a constitutional issue would be raised every time a court engaged in setting bail, pretrying a case or sentencing since the defendant’s prior record is necessarily before the court on each of those occasions.
Neither can the actions of the police officer be construed as violative of any of the defendant’s constitutional rights. The court cannot envision any view of the facts on which a violation of the defendant’s Fourth Amendment rights could be predicated since there was no intrusion upon the defendant’s person or property involved. Similarly, there was no violation of the defendant’s Fifth Amendment right against self incrimination since nothing was compelled from the defendant himself. Finally, there was no violation of the defendant’s rights under the New York State Constitution.
*433 The court, therefore, denies the defendant’s motion to suppress.